1

2

3

4

5 UNITED STATES DISTRICT COURT

6 EASTERN DISTRICT OF WASHINGTON

7 ROGER A. SCOTT,

       Plaintiff,   NO:  CV-13-24-RMP

8   v.

             ORDER GRANTING DEFENDANT'S

9 SGT. CRUGER,      MOTION FOR SUMMARY

             JUDGMENT

10      Defendant.

11

12   **BEFORE THE COURT** is a motion for summary judgment filed by

13 Defendant Sergeant Joshua Cruger, ECF No. 26.  The motion was heard without

14 oral argument.  Defendant is represented by Washington State Assistant Attorney

15 General Jason D. Brown.  Plaintiff Roger A. Scott, currently an inmate of the

16 Washington Department of Corrections at the Monroe Correctional Complex, is

17 appearing in this action *pro se* and *in forma pauperis*.  The Court has considered

18 the briefing and the file and is fully informed.

19

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 1

BACKGROUND

Plaintiff was confined at the Coyote Ridge Corrections Center in Connell, Washington, at all times relevant to this lawsuit.  On January 26, 2011, Plaintiff was transferred from the I-Unit of Coyote Ridge to the G-Unit at the same complex.  Plaintiff was assigned an upper bunk in a four-man cell at the time of his transfer to the G-Unit.

In his complaint, Plaintiff alleges that when he was transferred to the G-Unit, he requested a bottom bunk placement from the G-Unit Sergeant, Defendant Cruger.  As the G-Unit Sergeant, Defendant Cruger was responsible for bunk assignments and disciplinary hearings, among other duties.  Plaintiff further alleges that he presented Sergeant Cruger with a Health Status Report ("HSR") stating that Plaintiff needed to be assigned to a bottom bunk.  An HSR is an order issued by a medical doctor, and Defendant agrees that its commands are non-negotiable.

Plaintiff further alleges in his complaint that, despite presentation of the HSR, Defendant Cruger refused to reassign Plaintiff to a bottom bunk and allegedly told Plaintiff "that is not how I do things here in G-Unit" and directed the Plaintiff to "see me again in six months for a courtesy move."  ECF No. 8 at 3.

Plaintiff states that he complied with Defendant Cruger's decision and took his assignment on the top bunk.  According to the complaint, Plaintiff has issues with his right knee and hip that required a bottom bunk assignment.  Plaintiff

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

alleges that on January 29, 2011, three days after arriving at the G-Unit, his hip "gave out" while he was climbing down from the top bunk, causing his face to come into contact with the bunk ladder. Plaintiff alleges that he sustained injury to his face for which numerous stitches were required. Plaintiff was eventually moved to a lower bunk on March 7, 2011.

On January 9, 2013, Plaintiff filed his complaint in this Court alleging civil rights violations under 42 U.S.C. § 1983. Plaintiff further submitted an application to proceed *in forma pauperis*, which the Court granted. ECF No. 6. Pursuant to the *in forma pauperis* statute, the Court found that Plaintiff had failed to sufficiently allege a viable claim against two other defendants initially named in Plaintiff's suit. Plaintiff was given an opportunity to amend his complaint as to those defendants. ECF No. 7. When Plaintiff failed to amend his complaint, the Court dismissed the other defendants from the action and ordered service of the complaint on Defendant Cruger only. ECF No. 10.

Defendant Cruger has appeared in the action and filed an answer. Defendant Cruger now brings a motion for summary judgment asserting that he is entitled to judgment on Plaintiff's claims against him as a matter of law. ECF No. 26.

## DISCUSSION

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a).  A key purpose of summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  Summary judgment is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources."  *Id.* at 327.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex*, 477 U.S. at 323.  The moving party must demonstrate to the Court that there is an absence of evidence to support the non-moving party's case.  *Id.* at 325.  The burden then shifts to the non-moving party to "set out 'specific facts showing a genuine issue for trial.'"  *Id.* at 324.  In establishing a genuine issue of material fact, the nonmoving party "may not rely on the mere allegations in the pleadings in order to preclude summary judgment." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987).

A genuine issue of material fact exists if sufficient evidence supports the claimed factual dispute, requiring "a jury or judge to resolve the parties' differing versions of the truth at trial."  *Id.*  Evidence that may be relied upon at the summary judgment stage includes "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, [and]

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

1    interrogatory answers . . . ."  Fed. R. Civ. P. 56(c)(1)(A).  At summary judgment,

2    the court draws all reasonable inferences in favor of the nonmoving party.  *Dzung*

3    *Chu v. Oracle Corp.* (*In re Oracle Corp. Secs. Litig.*), 627 F.3d 376, 387 (9th Cir.

4    2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  The

5    evidence presented by both the moving and non-moving parties must be

6    admissible.  Fed. R. Civ. P. 56(c).

7        An action brought under 42 U.S.C. § 1983 has two essential elements: "(1)

8    the defendants acted under color of law, and (2) their conduct deprived [the

9    plaintiff] of a constitutional right."  *E.g.*, *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th

10   Cir. 2011) (quoting *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985)).

11   Defendant Cruger does not dispute that he acted under color of law in the events

12   relevant to this suit.

13       A prisoner's Eighth Amendment rights are violated where a prison official

14   engages in "deliberate indifference to [the prisoner's] serious medical needs."

15   *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A "serious medical need" exists

16   where "failure to treat a prisoner's condition could result in further significant

17   injury or the unnecessary and wanton inflict of pain."  *Jett v. Penner*, 439 F.3d

18   1091, 1096 (9th Cir. 2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th

19   Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d

20

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 5

1133 (9th Cir 1997) (en banc)).  Defendant does not contend that Plaintiff does not

meet the "serious medical need" prong of the Eighth Amendment inquiry.

Deliberate indifference occurs where a prison official "knows of and

disregards an excessive risk to [an inmate's] health or safety." *Farmer v. Brennan*,

511 U.S. 825, 837 (1994).  "[T]he official must both be aware of facts from which

the inference could be drawn that a substantial risk of serious harm exists, and he

must also draw the inference." *Id.*  Put differently, the prison official must

"consciously disregard a substantial risk of serious harm." *Id.*  Deliberate

indifference may occur "when prison officials deny, delay or intentionally interfere

with medical treatment." *McGuckin*, 974 F.2d at 1059.  However, "an 'inadvertent

[or negligent] failure to provide adequate medical care' alone does not state a claim

under § 1983." *Jett*, 439 F.3d at 1096.

Defendant contends that Plaintiff cannot show deliberate indifference in this

case.  Defendant Cruger submitted a declaration stating that he did not recall

Plaintiff presenting him with a valid HSR for a bottom bunk assignment upon

Plaintiff's arrival in the G-Unit, and that if Plaintiff had presented such an HSR,

Defendant Cruger "would have . . . immediately [moved Plaintiff] to an available

bottom bunk somewhere in the unit."  ECF No. 28 at 3.  Defendant Cruger further

explains that there are two types of bunk requests at Coyote Ridge: (1) a "courtesy

bunk move," which an inmate can request only once every six months or after six

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 6

1    months in the unit if newly arrived; and (2) a "HSR bunk move" where an inmate

2    possessing a valid HSR order will be moved immediately.  HSR moves are based

3    on the availability of bunks complying with the requirements of the HSR and not

4    on an inmate's desire for a specific bunk.  ECF No. 28 at 2.

5            Defendant Cruger further avers that if he told Plaintiff to "see me in 6

6    months for a courtesy move," as Plaintiff alleges in his complaint, then Plaintiff

7    was requesting a courtesy move and not an HSR move.  ECF No. 28 at 3.  This is

8    because HSR orders are "non-negotiable" and require immediate transfer, whereas

9    a courtesy move cannot be requested until an inmate has been in the unit six

10   months.  ECF No. 28 at 2.

11           Defendant introduced the deposition testimony of Plaintiff, who explained

12   that he had requested the move from I-Unit to G-Unit because he had some friends

13   that he worked with who were housed in G-Unit.  ECF No. 27 at 7-8.  Plaintiff

14   further testified at his deposition that he asked to be moved to a specific lower

15   bunk because that particular bunk was located in a cell with two other inmates with

16   whom Plaintiff worked.  ECF No. 27 at 11.

17           In responding to Defendant Cruger's motion for summary judgment,

18   Plaintiff submitted only a three-page response to Defendant's statement of material

19   facts.  ECF No. 31.  Plaintiff did not submit any affidavits, deposition transcripts,

20   or other competent evidence in support of his own version of the facts.  Plaintiff

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 7

1  instead appeared to rely on the allegation of his complaint, which is not sufficient

2  to establish a genuine issue of material fact.  *T.W. Elec. Serv.*, 809 F.2d at 630.

3  Nor did Plaintiff present any legal argument or citation to authorities.

4       Although Plaintiff is proceeding *pro se* in this action, Defendant sent him a

5  notice as required in this district at the time that the summary judgment motion

6  was filed.  The notice informed Plaintiff of the nature and import of a summary

7  judgment motion and gave him instructions on how to respond.  The notice

8  informed Plaintiff that he needed to file a brief opposing the motion, a statement of

9  disputed facts, and any evidence supporting his claims.  The notice specifically

10 informed Plaintiff that he could not rely on the allegations of his complaint to

11 establish a genuine issue of material fact.  ECF No. 30.  Thus, Plaintiff cannot

12 claim that as a *pro se* litigant that he was unaware of the summary judgment rules.

13      Plaintiff's response essentially consists of an unsworn statement that he

14 "tried showing Sgt Cruger [his] valid HSR upon arriving in G-Unit" but that "Sgt

15 Cruger chose to ignore it."  ECF No. 31 at 2.  Because it was not presented in the

16 form of an affidavit or declaration, this evidence is insufficient to establish a

17 genuine issue of fact.  *See* Fed. R. Civ. P. 56(c).

18      Plaintiff also theorizes in his response that even if Defendant Cruger was not

19 presented with an HSR, he would have known of Plaintiff's medical need by

20 viewing Plaintiff's medical information on the computer and through being

supplied a copy of the HSR.  ECF No. 3.  However, Defendant introduced

responsive facts establishing that sergeants do not have computer access to inmate

medical information and that when an inmate moves from one unit to another after

an HSR has been issued, the HSR is not automatically redistributed to the new

unit.  Because Plaintiff did not reside in the G-Unit when his HSR was issued,

there is no evidence that a copy of the HSR was distributed to Sergeant Cruger.

ECF No. 36-1 at 3-4; ECF No. 37 at 3.

Plaintiff's response is insufficient to establish a genuine issue of material

fact as to whether Sergeant Cruger knew of and consciously disregarded a

substantial risk of serious harm to Plaintiff.  Sergeant Cruger has established that

he did not recall seeing an HSR from Plaintiff and that if Plaintiff had presented

such an HSR, he would have been moved immediately.  Sergeant Cruger further

has established that Plaintiff wanted to be transferred to a specific bunk in order to

stay with friends in the unit, and that Plaintiff's request for a different bunk was

consistent with a courtesy request rather than an HSR request.  Plaintiff has not

introduced any admissible evidence or presented citation to authority in response.

/ / /

/ / /

/ / /

/ / /

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 9

Accordingly, **IT IS HEREBY ORDERED** that Defendant Cruger's Motion for Summary Judgment, **ECF No. 26**, is **GRANTED**.

The District Court Clerk is directed to enter this Order, enter Judgment accordingly, provide copies to counsel and to pro se Defendant Roger A. Scott, and **close this case**.

**DATED** this 3rd day of April 2014.


        _s/ Rosanna Malouf Peterson_
        ROSANNA MALOUF PETERSON
        Chief United States District Court Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 10